IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STERLING WHITAKER,                          )
                                            )
                    Petitioner,             )
                                            )
          v.                                )   Case No. 22-3232-JWL
                                            )
D. HUDSON, Warden, USP-Leavenworth,         )
                                            )
                    Respondent.             )
                                            )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the *pro se* petition for habeas relief under 28 U.S.C. § 2241 filed by federal prisoner Sterling Whitaker. For the reasons set forth below, the Court **dismisses** the petition for lack of jurisdiction.

Petitioner was convicted in the United States District Court for the Eastern District of North Carolina of the following offenses: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); (2) aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a), 2; and (3) brandishing a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). *See United States v. Whitaker*, 2020 WL 1319900 (E.D.N.C. Jan. 29, 2020) (judgment). Petitioner is presently imprisoned within this judicial district.

Petitioner's sole claim is that his Section 924(c) conviction should be vacated in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022).

Before it may consider the merits of that claim, however, the Court must determine whether it has jurisdiction to do so.

Petitioner seeks habeas relief pursuant to Section 2241. Because he challenges the validity of his conviction instead of the manner in which his sentence is being executed, however, petitioner would ordinarily be required to seek such relief by petition pursuant to 28 U.S.C. § 2255, as the Tenth Circuit has explained:

> Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255, and in the district court that convicted and sentenced him . . . . Meanwhile, § 2241 petitions, brought in the district where the prisoner is confined, are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement.

*See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (Gorsuch, J.) (emphasis in original). Petitioner argues that he should be permitted to seek relief in this case under the "savings clause" of Section 2255(e), "which sometimes allows a federal prisoner to resort to § 2241 to challenge the legality of his detention, not just the conditions of his confinement." *See Prost*, 636 F.3d at 581. "To fall within the ambit of [the] savings clause and so proceed to § 2241, a prisoner must show that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *See id.* (quoting 28 U.S.C. § 2255(e)) (second alteration in original).

Petitioner argues that a Section 2255 remedy would be inadequate or ineffective – and that the savings clause requirement is therefore satisfied here – because he may no longer assert this claim under Section 2255. As he concedes, petitioner previously filed a Section 2255 petition (which was denied as untimely), and the Supreme Court's decision

2

in *Taylor* involving the interpretation of a federal statute does not provide a basis for filing a successive Section 2255 petition. *See* 28 U.S.C. § 2255(h) (successive petition must be based on newly discovered evidence or a new retroactive rule of constitutional law). The Tenth Circuit has foreclosed this argument, however. In *Prost*, the court held that the Section 2255 remedy is not inadequate or ineffective under the savings clause of Section 2255(e) merely because a previous petition under that statute did not succeed or a new petition could not succeed, as long as the claim *could* have been raised in an original Section 2255 petition. *See Prost*, 636 F.3d at 584-98. That is the case even if the claim was foreclosed by the applicable circuit law at the time of the original petition, as the petitioner was free to seek a contrary ruling by the circuit *en banc* or the Supreme Court. *See id.*; *see also Wills v. Barnhart*, 2022 WL 3041098, at *4-8 (10th Cir. Aug. 2, 2022) (unpub. op.) (following *Prost* in holding that petitioner did not satisfy the savings clause). In this case, petitioner could have tested the validity of his Section 924(c) conviction by filing a timely petition under Section 2255; therefore, his remedy under that statute was not inadequate or ineffective, and he may not rely on the savings clause to seek relief under Section 2241.

Petitioner argues that *Prost* was wrongly decided and that this Court should therefore refuse to follow that decision. That decision by the Tenth Circuit is binding on this Court, however, absent a contrary ruling by the Tenth Circuit *en banc* or by the Supreme Court. *See United States v. Spedalieri*, 910 F.2d 707, 709 & n.2 (10th Cir. 1990). The Court therefore will follow *Prost* in this case, and it therefore dismisses the petition

for lack of jurisdiction. *See Wills*, 2022 WL 3041098 (affirming dismissal for lack of jurisdiction).

Finally, petitioner argues that the Court should stay this matter until the Supreme Court resolves a circuit split by deciding *Jones v. Hendrix*, which is presently on appeal from the Eighth Circuit. In *Jones*, the Eighth Circuit chose to follow the Tenth Circuit with respect to the issue resolved in *Prost*. *See Jones v. Hendrix*, 8 F.4th 683, 686-88 (8th Cir. 2021), *cert. granted*, 142 S. Ct. 2706 (2022). The Court concludes that petitioner has not provided a compelling reason to enter a stay, however, and the Court therefore declines the invitation to do so. Petitioner relies solely on *Taylor* in attacking his Section 924(c) conviction, but in that case the Supreme Court held only that *attempted* Hobbs Act robbery does not qualify as a "crime of violence" under Section 924(c). *See Taylor*, 142 S. Ct. 2015. That holding does not directly apply to petitioner's conviction, which was based on *conspiracy* and *aiding and abetting* Hobbs Act robbery. The Tenth Circuit has confirmed that *Taylor*'s holding concerning *attempted* Hobbs Act robbery does not affect its previous holding that a *completed* Hobbs Act robbery constitutes a crime of violence under Section 924(c). *See United States v. Baker*, 49 F.4th 1348, 1256-61 (10th Cir. 2022) (reaffirming holding of *United States v. Melgar-Cabrera*, 892 F.4d 1053 (10th Cir. 2018)). The Tenth Circuit has also distinguished aiding and abetting from conspiracy or attempt in determining whether federal bank robbery is a violent felony under Section 924(e), *see United States v. Dieter*, 890 F.3d 1203, 1214 (10th Cir.), *cert. denied*, 139 S. Ct. 647 (2018), and there is no reason to expect that the court would reach a different result with respect to Section 924(c). *See United States v. Williams*, 2018 WL 3438938, at *2 n.2 (D.

4

Kan. July 17, 2018) (applying *Dieter* distinction to Section 924(c)).  Thus, because *Taylor* does not appear to call petitioner's conviction into question, the Court declines to stay the case pending the Supreme Court's decision on the jurisdictional question.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas relief under 28 U.S.C. § 2241 is hereby **dismissed** for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 6th day of December, 2022, in Kansas City, Kansas.

/s/   John W. Lungstrum
John W. Lungstrum
United States District Judge